IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSPEH T. SUMRALL, JR., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HY SMITH, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. <br> 5:17-cv-00336-TES |

ORDER ON CERTAIN DEFENDANTS' MOTION TO DISMISS
COUNTS II, V, and VI

Before the Court is Defendants Hy Smith; Hy Smith Consulting, Inc.; GPS Practices Sales, Inc.; and GPS Transitions, LLC f/k/a ADS Florida, LLC's Motion to Dismiss [Doc. 12] Counts II, V, and VI of Plaintiffs' Complaint [Doc. 3-1]. Plaintiffs initially filed this action in the Superior Court of Houston County on July 11, 2017 [Doc. 3-1, at 1], and on August 31, 2017, all Defendants filed a notice of removal pursuant to 28 U.S.C. § 1446. [Doc. 1].

### FACTUAL BACKGROUND

**A.**   **Plaintiffs' Complaint**

The following facts are taken from Plaintiffs' Complaint [Doc. 3-1] and assumed to be true for the purposes of ruling on Defendants' Motion to Dismiss [Doc. 12]. *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Plaintiffs Joseph T. Sumrall, Jr., DMD, ("Joe Sumrall"), Joseph G. Sumrall, DDS ("Gran Sumrall"), and Houston Dental Professionals, P.C. ("Houston Dental") (collectively, "Plaintiffs") filed suit against Hy Smith ("Smith"), a dental practice broker and practice management consultant, and four corporate entities with which Smith is affiliated: Hy Smith Consulting, Inc. ("Hy Smith Consulting"); GPS Practice Sales, Inc. f/k/a Professional Transitions, Inc.[1] ("Professional Transitions"); GPS Transitions, LLC f/k/a ADS Florida, LLC ("ADS Florida");[2] and Pride Institute Companies, Inc. d/b/a The Pride Institute ("Pride Institute"). [Doc. 3-1, at ¶¶ 4-10, 17]. In their lawsuit, Plaintiffs allege claims against the above-listed Defendants for professional negligence, negligence per se, breach of fiduciary duty, negligent misrepresentation, fraud, and fraudulent inducement,[3] punitive damages, and attorneys' fees [*Id*. at 19, 23, 25-27, 29, 35-36]. Four of those Defendants: Smith, Hy Smith Consulting, Professional Transitions, and ADS Florida now move the Court to dismiss Counts II, V, and VI of Plaintiffs' Complaint [Doc. 3-1].

---

[1] Smith founded and served as President and managing partner of Professional Transitions, a dental practice transitions consulting firm. [Doc. 3-1, at ¶ 16].

[2] Defendant GPS Transitions, LLC f/k/a ADS Florida, LLC ("ADS Florida") consistently states that "GPS Transitions, LLC" is not the proper name of the entity Plaintiffs are attempting to sue and is incorrectly named. However, ADS Florida in neither its Answer [Doc. 1-16] or its Motion to Dismiss [Doc. 12] seeks to correct Plaintiffs' alleged naming error. For the purposes of this Order the Court will refer to Defendant GPS Transitions, LLC f/k/a ADS Florida, LLC as "ADS Florida."

[3] As an alternative to fraudulent inducement, Plaintiffs have asserted breach of contract claims in Counts VII and VIII. [Doc. 3-1, at 31].

In 1995, Jerry T. Vasko, DMD ("Vasko") began practicing dentistry with Plaintiff Joe Sumrall as an associate of Houston Dental. [*Id*. at ¶ 15]. After Vasko expressed interest in buying into Houston Dental and becoming a partner with Joe Sumrall, Plaintiff Joe Sumrall and Vasko met with Defendant Smith in February 2003 in connection with potential engagement for appraisal services related to the dental practice. [*Id*. at ¶¶ 21-22]. Then, on or about March 13, 2003, Houston Dental engaged Defendants[4] for the purpose of providing professional management consulting services, practice valuation, and appraisal services. [*Id*. at ¶ 23-24]. After Vasko's purchase of a 50% interest in Houston Dental, Defendants continued to provide professional management consulting services, practice valuation, and appraisal services for Houston Dental and, in connection with such services, Houston Dental continued to provide Defendants with access to confidential and proprietary information. [*Id*. at ¶ 39].

In or around August 2011, Plaintiff Gran Sumrall began practicing dentistry as an associate with his father, Plaintiff Joe Sumrall, and Vasko. [Doc. 3-1, at ¶ 42]. By April 23, 2015,[5] at the latest, Plaintiffs allege that Defendants were aware that Vasko, due to his plans to leave the state of Georgia, wanted to sell the 50% interest he acquired in Houston

---

[4] The valuation form titled "Confidential Seller/Valuation Profile" displayed a Professional Transitions logo and branding and identified Defendant Smith as the individual performing practice appraisal services for Houston Dental while identifying Professional Transitions as the company performing practice appraisal services. [Doc. 3-1, at ¶ 29].

[5] During this time in 2015, Defendant Smith conducted business as Professional Transitions and the Pride Institute as well as Hy Smith Consulting and ADS Florida. [*Id*. at ¶ 45].

Dental during the 2003 transactions. [*Id*. at ¶¶ 43, 46]. Defendants advised, brokered, provided legal documentation for the 2015 transaction, and closed the sale of Vasko's 50% interest in Houston Dental to Gran Sumrall and completed the related practice transition in approximately two months.[6] [*Id*. at ¶¶ 46, 99]. Defendants purportedly held themselves out as "an expert and qualified neutral party representing the interests of all parties in connection with [the 2015 transactions]." [*Id*. at ¶ 49]. Further, Defendants failed to advise Plaintiffs, or express any concerns, of any issues that could arise from dual representation. [*Id*. at ¶ 62]. Therein lies the bulk of the dispute.

Plaintiffs claim that Defendants, in the course of providing services for the 2015 transactions in connection with Gran Sumrall's purchase of Vasko's 50% partnership interest, made "representations" and "unilateral adjustments" regarding the historical financial[7] and accounting data of Houston Dental. [*Id*. at 50-51]. Specifically, Plaintiffs assert that the adjustments within the sale of the 50% interest in Houston Dental resulted in an inaccurately high purchase amount—in Vasko's favor. [Doc. 3-1, at ¶¶ 51, 59]. This alleged detriment to Plaintiffs, as well as disputes regarding the contractual rights and obligations set forth in the legal documentation drafted by defendants, led to extensive

---

[6] According to Plaintiffs, the approximate two-month period spanned from mid-late April 2015 to early July 2015. [Doc. 11, at 1-2].

[7] Additionally, the Complaint [Doc. 3-1] alleges that Defendants failed to advise Plaintiffs, or express any concerns, that the financial conditions of Houston Dental may not be accurately demonstrated in Defendants' appraised value of Houston Dental and/or Defendants' calculation of interest underlying the 2015 transaction. [Doc. 3-1, at ¶ 61].

4

litigation between Plaintiffs and Vasko. [*Id*. at ¶¶ 59, 64]. Additionally, Plaintiffs allege that Defendants knew of facts and circumstances that rendered their valuation of Houston Dental, Vasko's 50% interest, and the purchase price for Vasko's sale of his 50% interest, inaccurate and unfairly favorable to the detriment of Plaintiffs. [*Id*. at ¶¶ 51, 58-60, and 102]. In summation, Plaintiffs state that they relied on the misrepresentations, warranties, and material nondisclosures made by Defendants and suffered substantial loss as a result. [*Id*. at ¶ 102].

    **B.**    **Defendants' Motion to Dismiss**

Defendants Smith, Hy Smith Consulting, Professional Transitions, and ADS Florida filed the instant Motion to Dismiss [Doc. 12] on August 21, 2017, in the Superior Court of Houston County.[8] There, Defendants moved to dismiss Count II based on O.C.G.A. § 9-11-12(b)(6)[9] and Counts V and VI based on O.C.G.A. § 9-11-9(b).[10] [Doc. 12]. As an alternative to Defendants' Motion to Dismiss Counts V and VI, Defendants moved for a more definite statement. [*Id*.].

---

[8] On the basis of diversity jurisdiction and pursuant to 28 U.S.C. § 1446, Defendants removed this case (including all prior pleadings) from the Superior Court of Houston County.

[9] "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion in writing: . . . [f]ailure to state a claim upon which relief can be granted." O.C.G.A. § 9-11-12(b)(6).

[10] "In all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." O.C.G.A. § 9-11-9(b).

Defendants' Motion [Doc. 12] as it relates to Count II, rests on the general premise that "Georgia law does not recognize a private right of action for the unauthorized practice of law." [Doc. 12, at 4 (citing *Oswell v. Nixon*, 620 S.E.2d 419, 422 (Ga. Ct. App. 2005)]. Additionally, Defendants move the Court to either dismiss, or in the alternative require a more definite statement, Counts V and VI on the assertion that Plaintiffs' Complaint [Doc. 3-1] does not supply the minimum, necessary detail required by O.C.G.A. § 9-11-9(b) and therefore fails to plead fraud with particularity.

In light of this case's § 1446 removal, the Court notes (for the purposes of Counts V and VI) that "the procedure for pleading fraud in federal courts is governed by federal law and not state law . . ." *McAllister Towing & Transp. Co., Inc. v. Thorn's Diesel Service, Inc.*, 131 F.Supp.2d 1296, 1302 (2001) (citing *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) ("[T]he procedure for pleading fraud in federal courts in all diversity suits is governed by the special pleading requirements of Federal Rule of Civil Procedure 9(b).")). Therefore, the Court follows the law relating to Fed. R. Civ. P. 9(b)[11] in its determination of whether Plaintiffs' Complaint, as stated, satisfies the 9(b) requirements to survive a motion to dismiss. Similarly, in considering Count II (Negligence Per Se), the Court reviews the Defendants' motion against standards under the federal rules, specifically

---

[11] In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Fed. R. Civ. P. 9(b).

6

Fed. R. Civ. P. 12(b)(6).[12]

## CONCLUSIONS OF LAW

### A.     Standard of Review

#### 1.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendants seek dismissal of Count II for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original).

In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. A complaint may survive a motion to dismiss for failure to state a claim even if the possibility of recovery is extremely "remote and unlikely." *Id*.

---

[12] Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . failure to state a claim upon which relief can be granted . . ." Fed. R. Civ. P. 12(b)(6).

7

### 2. Motion to Dismiss Pursuant to Fed. R. Civ. P. 9(b)

Defendants seek dismissal of Counts V and VI for failure to plead fraud with sufficient particularity. "When alleging fraud or mistake, a plaintiff must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006).

"The 'particularity' requirement 'serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.'" *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. Appx. 81, 86 (11th Cir. 2008) (quoting *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). "[F]air notice is perhaps the most basic consideration underlying Rule 9(b)," *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997).

### B. <u>Plaintiffs' Civil Cause of Action for Negligence Per Se</u>

Count II alleges a state law claim for the unauthorized practice of law under O.C.G.A. § 15-19-51 which reserves certain activities for those admitted to practice in the legal profession. Georgia's unlawful practice statute prohibits any person other than a duly licensed attorney at law "[t]o hold himself out to the public or otherwise to any

8

person as being entitled to practice law; [or] [t]o render or furnish legal services or advice . . . ." O.C.G.A. § 15-19-51(a)(3), (4). Georgia law further defines the practice of law as "[t]he preparation of legal instruments of all kinds whereby a legal right is secured; . . . [t]he giving of any legal advice; and [a]ny action taken for others in any matter connected with the law." O.C.G.A. § 15-19-50(3), (5), (6).

In their motion, Defendants concede that "Defendant Hy Smith is not a lawyer" and correctly contend that "Georgia law does not recognize a private right of action for the alleged unauthorized practice of law." [Doc. 12, at 4 (citing *Oswell v. Nixon*, 620 S.E.2d 419, 422 (Ga. Ct. App. 2005)]. However, as Plaintiffs point out, O.C.G.A. § 51-1-6 provides a right of action[13] against a party who fails to "refrain from doing an act which may injure another" and "the injured party may recover for the breach of such legal duty if he suffers damage thereby." [*See* Doc. 11, at 3].

It is "manifestly evident that O.C.G.A. § 51-1-6 may only be used to provide a cause of action to enforce a legal duty imposed by a different statute that does not otherwise authorize such an action itself." *Bellsouth Telecommunications, LLC v. Cobb County*, 802

---

[13] O.C.G.A. § 15-19-51 does not expressly provide for a private right of action for the unauthorized practice of law. However, the exception provided in O.C.G.A. § 9-2-8(b) does apply:
    (a) No private right of action shall arise from any Act enacted after July 1, 2010, unless such right is expressly provided therein.
    (b) Nothing in subsection (a) of this Code section shall be construed to prevent the breach of any duty imposed by law from being used as the basis for a cause of action under any theory of recovery otherwise recognized by law, including, but not limited to, theories of recovery under the law of torts or contract or for breach of legal or private duties as set forth in Code Sections 51-1-6 and 51-1-8 or in Title 13.

S.E.2d 686, 698 (Ga. Ct. App. 2017), *cert. granted*, S17G2011 (Ga. Apr. 16, 2018). Georgia law is well settled on the notion that the violation of a state statute resulting in the injury of another person constitutes negligence per se. *Ledee v. Devoe*, 549 S.E.2d 167, 173 (Ga. Ct. App. 2001). In *Ledee*, the Georgia Court of Appeals held that the trial court did not err in charging the jury on negligence per se based on the unauthorized practice of law where there was evidence the defendant's unauthorized practice of law was the direct cause of the plaintiff's injuries. 549 S.E.2d at 174.

O.C.G.A. § 51-1-6 has the ability to "provide a private right of action to enforce a duty imposed by a different statute." *Bellsouth Telecommunications*, 802 S.E.2d at 688. However, in order to successfully assert a claim under O.C.G.A. § 51-1-6, "the alleged duty arising from the other statute must be *mandatory* and imposed *expressly* by the statute at issue with specificity." *Id*. at 688 (emphasis in original). Additionally, the legal duty at issue must specifically impose "some ascertainable standard of conduct." *Id*.

> And even if such a statutorily-mandated duty exists, a plaintiff cannot recover under O.C.G.A. § 51-1-6 unless the duty set forth in the other statute is expressly owed to the plaintiff, who must "fall[] within the class of persons it was intended to protect." Thus, the fact that a plaintiff might have some unintended or incidental benefit from the defendant's compliance with a statutorily imposed duty is insufficient to support a claim under O.C.G.A. § 51-1-6.

*Id*. at 688-89. When the plaintiff is the intended beneficiary of such a duty, a successful claim under O.C.G.A. § 51-1-6 requires an actual violation of that duty on the part of the defendant.

10

Applying the foregoing law, the facts and circumstances of this case, when taken as true, "create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. If, as Plaintiffs allege, Defendant Smith prepared the legal documentation for the 2015 transaction, then Plaintiffs' Count II must survive the motion to dismiss because Defendant Smith is not a lawyer and O.C.G.A. § 15-19-50 defines "[t]he preparation of legal instruments" as the practice of law. There is no doubt that Georgia law imposes "some ascertainable [and mandatory] standard of conduct" when it comes to the practice of law. This standard, without question, is designed to protect members of the public, like Plaintiffs, from receiving legal services or advice from an individual not duly admitted to the practice of law. As such, Plaintiffs certainly fall within the class of protected persons. Further, the duty set forth in O.C.G.A. § 15-19-50, *et seq.* conceivably supports Plaintiffs' notion that Defendants presumably violated the statute. Thus, Plaintiffs sufficiently allege a statutory violation to permit their negligence per se claim to proceed further. For the preceding reasons, Defendants' Motion to Dismiss [Doc. 12] Count II must be **DENIED**.

    **C.**    <u>**Plaintiffs' Complaint as it Relates to Pleading Fraud with Particularity Required by Fed. R. Civ. P. 9(b)**</u>

Counts V and VI assert claims for fraud and fraudulent inducement. [Doc. 3-1, at 27, 29]. Defendants contend that Plaintiffs' Complaint [Doc. 3-1] fails to satisfy Fed. R. Civ. P. 9(b) because "the Complaint provides no dates" and "does not say what Defendants said or why it was false." [Doc. 12, at 7].

The Eleventh Circuit, in *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, stated as follows:

> Rule 9(b) may be satisfied if the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants 'obtained as a consequence of the fraud.'

116 F.3d 1364, 1370-71 (11th Cir. 1997).

From a blanket reading of the Complaint [Doc. 3-1] Plaintiffs satisfy the first prong. The alleged "representations" are clear, and Plaintiffs' presentation of the facts surrounding this case are sufficient to give "fair notice" of "the details of the [D]efendants['] allegedly fraudulent acts." *Atkins*, 470 F.3d at 1357; *Brooks*, 116 F.3d at 1381.

As to the second prong, the Court, however, considers the more difficult question of whether Plaintiffs adequately identified the persons (or business entities) responsible for certain actions and their roles in the fraud. "Rule 9(b) requires a complaint, filed against multiple defendants, to distinguish among defendants and specify their respective role in the alleged fraud." *McAllister*, 131 F.Supp.2d at 1301. In multiple defendant cases, "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant." *Id*. A plaintiff fails to satisfy the requirements of Rule 9(b) "by simply grouping the defendants together by vaguely alleging that the 'defendants' made the alleged fraudulent statements." *Id*.

12

This case presents a unique set of facts and circumstances distinguishable from the holding of *McAllister*, *supra*. The Complaint [Doc. 3-1] clearly states that Smith, Hy Smith Consulting, Professional Transitions, ADS Florida, and Pride Institute[14] "functioned as the same entity and/or alter egos of themselves." [Doc. 3-1, at ¶ 10]. Further, in comporting with Rule 9(b), Plaintiffs' Complaint [Doc. 3-1] identifies which business entity or entities engaged in certain conduct as well as the dates surrounding that conduct. *See*, *e.g.*, [Doc. 3-1, at ¶ 33].

Taken as a whole, the claims spanning from Vasko's associate tenure in 1995 to the events surrounding the 2015 transaction are sufficiently pled in the Complaint [Doc. 3-1] for purposes of Rule 9(b). For example, the Complaint [Doc. 3-1] lists multiple dates marking occasions where the Parties met and began discussing transitions for Houston Dental (specifically, the Complaint [Doc. 3-1] details both the events leading up to and the final stages of the 2015 transactions). *See*, *e.g.*, [Doc. 3-1, at ¶¶ 46-50]. Additionally, the Complaint [Doc. 3-1] lists dates where Plaintiffs issued checks to Defendants and Defendants, in return, provided their appraisal services to Plaintiffs. *See*, *e.g.*, [Doc. 3-1, at ¶¶ 23, 26]; *see also* [Doc. 3-1, at ¶ 53]. Therefore, the Complaint [Doc. 3-1], as it is written, provides an acceptable presentation of relative facts; the allegation of fraudulent conduct; and how the Defendants' alleged conduct relates to the timeline of events in this case.

As for the third prong of the test enumerated in *Brooks*, Plaintiffs' Complaint [Doc.

---

[14] The Court notes that Pride Institute is not included in the list of four Defendants who moved the Court to dismiss Counts II, V, and VI in the instant Motion to Dismiss. *See*, [Doc. 12, at 1].

3-1] states numerous times how the acts or omissions of Defendants allegedly misled Plaintiffs to make certain decisions leading up to the buyout of Vasko's 50% interest. Finally, while it is currently unclear what Defendants may have "obtained as a consequence of the fraud" (other than Defendants' services paid for by Plaintiffs), Plaintiffs sufficiently allege that the Defendants' misrepresentations and material nondisclosures proximately resulted in damage to Plaintiffs. [Doc. 3-1, at ¶ 110].

Reviewing Defendants' motion pursuant to the foregoing standards, the Court finds that Plaintiffs have satisfied the particularity requirement of Fed. R. Civ. P. 9(b). Therefore, Defendants' Motion to Dismiss [Doc. 12] Counts V and VI is **DENIED**.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss [Doc. 12] Counts II, V, and VI is **DENIED**. In light of the Court's ruling and pursuant to the Court's previous Order [Doc. 22] dispositive motions are due by May 31, 2018.

**SO ORDERED**, this 7th day of May, 2018.

                                                      S/ Tilman E. Self, III
                                                      **TILMAN E. SELF, III, JUDGE**
                                                      **UNITED STATES DISTRICT COURT**